UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICK MILETAK,<br><br>    Plaintiff,<br><br>    v.<br><br>AT&T SERVICES, INC.,<br><br>    Defendant. | Case No. 17-cv-00767-EMC<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO REMAND, AND GRANTING DEFENDANT'S MOTION TO DISMISS**<br><br>Docket Nos. 12, 15, 30 |

## I. INTRODUCTION

Pro se Plaintiff Nick Miletak filed the present action in state court seeking to void a prior settlement agreement which, he contends, is void under Cal. Bus. & Prof. Code § 16600 as contrary to public policy. Docket No. 1 Ex. A ("Compl."). Defendant AT&T Services, Inc. removed the action to this Court and now moves to dismiss the case on the ground that Miletak's claim is barred by res judicata. Docket No. 12 ("Motion"). Miletak has moved to remand the case to state Court. The Court **DENIES** Miletak's motion to remand and **GRANTS** AT&T's motion to dismiss.

## II. FACTUAL AND PROCEDURAL BACKGROUND

Miletak filed his initial action against AT&T, his employer at the time, in 2012 alleging state law claims for retaliation.[1] *See generally Miletak v. AT&T Servs., Inc.*, C-12-5326-EMC.[2] In April 2013, Miletak and AT&T reached a settlement agreement that provided, in relevant part, that

---

[1] Because Miletak's complaint omits much of the relevant background, the following facts are drawn from AT&T's motion to dismiss. In his opposition, Miletak acknowledges that the facts as set out by AT&T are "substantially accurate." Docket No. 31.

[2] Entries in the docket for this earlier case are cited as "2012 Docket."

1 Miletak would resign from his employment with AT&T and would be ineligible for reemployment
2 with AT&T or related entities. Motion at 3. Based on the parties' settlement, the Court dismissed
3 the action. 2012 Docket No. 21.

In June 2015, Miletak filed a Motion to Set Aside the Settlement Agreement pursuant to Federal Rule of Civil Procedure 60. 2012 Docket No. 25. Miletak argued that his former counsel had falsely represented that he had malpractice insurance, and then continued to negotiate the settlement agreement after Miletak had asked him to sign a substitution of counsel form. This, Miletak maintained, constituted "fraud on the court" justifying the vacatur of the settlement. *Id.* at 1. The Court denied the motion, holding that it was both untimely and substantively meritless. Docket No. 37. Miletak then filed a request for reconsideration, which the Court denied. Docket No. 42. In so doing, the Court warned Miletak against filing improper motions for reconsideration, and noted that after two meritless filings, "[s]hould Miletak again file a motion for reconsideration or other request for relief that this Court deems meritless, the Court will seriously consider the imposition of appropriate monetary sanctions." *Id.* at 2.

Miletak next filed a Notice of Appeal before the Ninth Circuit. 2012 Docket No. 43. He also sought appointment of counsel and leave to proceed in forma pauperis from this Court. 2012 Docket No. 45. This Court found that Miletak's motion to proceed in forma pauperis was meritless because "any appeal would be frivolous and not taken in good faith." 2012 Docket No. 47. The Ninth Circuit likewise denied Miletak's motion to proceed in forma pauperis on the ground that his appeal was frivolous, and after Miletak failed to pay the filing fees, the Ninth Circuit dismissed the appeal.

In December 2016, Miletak, acting pro se, filed the present Complaint in the Santa Clara County Superior Court alleging a violation of Business & Professions Code section 16600. AT&T removed the action to this Court on the basis of diversity on February 16, 2017.

### III. <u>DISCUSSION</u>

A. <u>Motion to Remand</u>

Miletak's motion to remand is not based on any substantive objection to this Court's jurisdiction; he nowhere disputes that complete diversity exists between the parties, or that the

2

mount in controversy is satisfied. Miletak instead maintains that AT&T failed to comply with the requirement in 28 U.S.C. § 1446(b) that a notice or removal be filed within 30 days of the service of the complaint. Docket No. 15 ("Remand Motion"). Miletak states that after filing the complaint on December 8, 2016, he mailed the complaint to AT&T's California agent for service of process on December 14. Remand Motion at 3. On December 28, counsel for AT&T notified Miletak that the service packet had been received, but that it did not contain the Notice and Acknowledgement required by California law. *Id.* at 4. Miletak sent the additional forms the next day. On January 18, 2017, AT&T signed and returned the Notice and Acknowledgement forms. Docket No. 26 ("Remand Opp."). Less than 30 days after that date, on February 16, AT&T filed its notice of removal.

Miletak argues that because he "substantially complied" with the statutory requirements for service by mail when first sent the complaint on December 14, the clock for AT&T to remove the case began running no later than December 28, the date on which AT&T acknowledged that it had received the complaint but notified Miletak of the deficiency in his service. But the Supreme Court has held that the time period for removal only begins to run upon the completion of "formal process." *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 356 (1999). The fact that a defendant may already have received the complaint through less formal means is immaterial. *Id.* Miletak's purported "substantial compliance" did not constitute formal process under the relevant state statute.

California law outlines the required procedures for service by mail on an in-state recipient.[3] *See* Cal. Civ. Proc. Code § 415.30. Specifically, the statute requires that a "copy of the summons and of the complaint shall be mailed (by first-class mail or airmail, postage prepaid) to the person to be served, together with two copies of the notice and acknowledgment provided for in subdivision (b) and a return envelope, postage prepaid, addressed to the sender." *Id.* § 415.30(a).

---

[3] Although the Defendant is not a California resident, the relevant recipient for determining which service of process rules apply is a corporation's agent for service of process. *Tandy Corp. v. Superior Court*, 117 Cal. App. 3d 911, 913 (1981). Here, that agent was located in California. Miletak also appears to acknowledge that the in-state service statute, § 415.30, is the relevant statute. *See* Remand Motion at 4 (citing § 415.30).

3

1  Significantly, service under this provision is "deemed complete" only when the "written
2  acknowledgment of receipt of summons is executed." *Id.* § 415.30(d).
3  In this case, therefore, Miletak had not formally served AT&T until January 18, 2017,
4  when AT&T signed and returned the Notice and Acknowledgement forms.. That is the date,
5  therefore, on which the removal clock began to run. Under *Murphy Bros.*, the fact that AT&T had
6  already actually received Miletak's complaint is irrelevant; what matters is the date of formal
7  completion of service. As AT&T notes, numerous courts have reached the same result in virtually
8  identical circumstances. *See, e.g.*, *Campbell v. Nationwide Mut. Ins. Co.*, No.
9  SACV1491JLSDFMX, 2014 WL 12579812, at *1 (C.D. Cal. Apr. 21, 2014); *Lerma v. URS Fed.*
10 *Support Servs.*, No. 1:11-CV-00536-LJO, 2011 WL 2493764, at *5 (E.D. Cal. June 22, 2011).
11 Miletak offers no response to this argument, as he never filed a reply brief. Thus, because AT&T
12 timely filed its notice of removal, the Court **DENIES** Miletak's motion to remand.

13 B.  Motion to Dismiss

14 AT&T moves to dismiss on the ground that Miletak's claims are barred by res judicata.[4]
15 As an initial matter, the Court must resolve a choice of law question. Miletak cites a number of
16 state authorities on the law of res judicata. It is true that a "federal court sitting in diversity must
17 apply the *res judicata* law of the state in which it sits." *Costantini v. Trans World Airlines*, 681
18 F.2d 1199, 1201 (9th Cir. 1982) (citing *Gramm v. Lincoln*, 257 F.2d 250, 25 n.6 (9th Cir. 1958)).
19 However, as the Ninth Circuit has recognized, "California law . . . determines the res judicata
20 effect of a prior federal court judgment by applying federal standards." *Costantini v. Trans World*

---

[4] AT&T requests that the Court take judicial notice of various documents related to Miletak's prior action, including (1) the 2012 complaint; (2) the motion to set aside the settlement agreement; (3) the Court's order denying that motion; (4) the Court's order denying reconsideration; (5) the Court's order denying Miletak's motion to proceed in forma pauperis; and (6) the Ninth Circuit's Orders disposing of Miletak's appeal. Docket No 13. "The court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Because Defendants' documents are matters of public record, they fall within both of these categories. Accordingly, the Court grants the request for judicial notice. The Court will therefore consider these documents in ruling on the instant motion. *See United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003) ("A court may . . . consider certain materials – documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice – without converting the motion to dismiss into a motion for summary judgment.").

4

*Airlines*, 681 F.2d 1199, 1201 (9th Cir. 1982) (citing *Younger v. Jensen*, 26 Cal.3d 397, 411 (1980); *Levy v. Cohen*, 19 Cal.3d 165, 172-73 (1977)). Because AT&T argues that Miletak's claim is barred by a prior *federal* court judgment, namely this Court's order denying Miletak's Rule 60 motion to set aside his settlement agreement, the Court must, under California law, apply the federal law of res judicata.

According to federal law, "[r]es judicata applies when 'the earlier suit . . . (1) involved the same 'claim' or cause of action as the later suit, (2) reached a final judgment on the merits, and (3) involved identical parties or privies.'" *Mpoyo v. Litton Electro-Optical Sys.*, 430 F.3d 985, 987 (9th Cir. 2005) (quoting *Sidhu v. Flecto Co.,* 279 F.3d 896, 900 (9th Cir.2002)). As AT&T argues, each of these requirements is met in the present case.

Whether two actions involve the same claim is determined by looking at four criteria: "(1) whether the two suits arise out of the same transactional nucleus of facts; (2) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (3) whether the two suits involve infringement of the same right; and (4) whether substantially the same evidence is presented in the two actions." *Mpoyo*, 430 F.3d at 987. Under these criteria, the present action involves the same claim as Miletak's prior effort to set aside the settlement agreement. First, the two suits plainly arise out of the same transactional nucleus of facts, namely the settlement agreement entered into during the prior litigation. Second, it is also apparent that AT&T's rights established by the settlement agreement would be destroyed if the Court granted Miletak's requested relief. Third, Miletak asserts the same "right" that he did previously, claiming that he should not be bound by the settlement agreement. It is true that Miletak now asserts a new legal theory, but that is of no consequence, because "[r]es judicata applies not only to those claims actually litigated in the first action but also to those which might have been litigated as part of that cause of action." *Cinquini v. Donohoe*, No. C 95-4168 FMS, 1996 WL 79822, at *5 (N.D. Cal. Feb. 8, 1996). Miletak offers no reason why he could not have raised his present challenge to the settlement agreement at the time of his first motion. Finally, because both this action and the prior one were focused on the factual circumstances surrounding the negotiation of the settlement agreement, the evidence would significantly overlap between the

5

two actions.

With respect to the second prong, numerous courts, including this one, have held that an order denying a Rule 60 motion satisfies the "final judgment" requirement for res judicata. *See, e.g.*, *Cinquini v. Donohoe*, No. C 95-4168 FMS, 1996 WL 79822, at *5 (N.D. Cal. Feb. 8, 1996). Here, the Courts orders denying Miletak's Rule 60 motion and his motion for reconsideration constituted final judgment on the question whether the settlement agreement should be set aside. Indeed, the Court cautioned Miletak against filing further challenges. Res judicata should therefore bar Miletak from attempting once more to seek the same relief.

Finally, with respect to the third prong, the two actions involve precisely the same parties. All of the requirements for the application of res judicata are therefore satisfied.

Miletak's counterarguments are unavailing. First, Miletak contends that there was no final judgment in the prior action, because the Court never rendered a judgment on the merits of his underlying employment claim. Docket No. 31 ("Opp.") at 3. That misunderstands the relevant question; the Court did, as explained above, render a final judgment on the question Miletak now seeks to litigate: *i.e.*, whether the settlement agreement should be set aside (not the adjudication of the underlying claims). Second, Miletak argues that the parties are not identical in the two actions because during the previous action he was acting on behalf of his union. *Id.* The basis for this assertion is that the retaliation at issue in the previous action allegedly occurred after Miletak filed an OSHA complaint in his capacity as a union steward. Accordingly, Miletak suggests that he was effectively representing the union in the prior action. But as Miletak acknowledges, he filed that suit in his own capacity after his union declined to escalate his grievance. This argument therefore fails. Third, Miletak argues that new facts have arisen since the prior action that change the parties' legal rights and thus make res judicata inapplicable. But the only fact Miletak points to is the fact that he applied for, and was denied, a position at an AT&T retail store in September or October of 2015, shortly after this Court denied his motion for reconsideration. The fact that AT&T acted in accordance with the terms of the settlement agreement does not constitute a new fact that warrants reexamination of the validity of the settlement agreement, a matter previously raised.

Lastly, Miletak suggests res judicata should not bar his claims because he only entered into the settlement agreement under duress, and because AT&T negotiated the agreement in bad faith by continuing to negotiate with his attorney after he had requested a substitution of counsel. Opp. at 5-7. These claims are simply not supported by the record. The only evidence of "duress" that Miletak points to is an email from his attorney strongly recommending that he enter into a settlement agreement in which he would receive a cash payment in exchange for leaving his employment with AT&T. But strongly worded advice from an attorney does not in any way constitute duress. And as to AT&T's bad faith, in Miletak's first motion to set aside the settlement agreement, he went out of his way to stress that "at all times the Defendant and its counsel acted ethically and negotiated in good faith." Docket No. 33 at 13. Moreover, Miletak does not explain why he agreed to the settlement if it was negotiated in a way that was inconsistent with his wishes. Miletak's belated allegation of bad faith appears to be nothing more than a last-ditch effort to defeat res judicata. In any event, these are claims that could have been brought in his earlier attempt to overturn the settlement agreement. Thus res judicata bars these claims.

In sum, all of the elements for res judicata are met here, and Miletak's arguments to the contrary are unavailing. Moreover, because Miletak's claims are barred, any amendment of his complaint would be futile. The Court therefore **GRANTS** AT&T's motion to dismiss with prejudice.

## IV. CONCLUSION

For the foregoing reasons, the Court **DENIES** Miletak's motion to remand and **GRANTS** AT&T's motion to dismiss with prejudice. The Clerk shall enter judgment and close the file.

This order disposes of Docket Nos. 12, 15, and 30.

**IT IS SO ORDERED**.

Dated: June 16, 2017

_____
EDWARD M. CHEN
United States District Judge